**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| RAYTHEON COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-109 |
| | § | |
| INDIGO SYSTEMS CORPORATION and | § | |
| FLIR SYSTEMS, INC., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION & ORDER DENYING
PLAINTIFF'S EMERGENCY MOTION TO QUASH**

Before the court are the "Plaintiff's Emergency Motion to Quash and Objection to

Defendants' Notice of Serving 23 Third-Party Subpoenas" (de # 243) and the Defendants' Response

(de # 244) thereto.  Having considered the Motion, the briefing and the applicable law, the court is

of the opinion that the Plaintiff's Motion should be DENIED.

In its Motion, Raytheon, the Plaintiff, requests that the court quash twenty-three third party

subpoenas setting depositions for the week of June 23-27, 2008.  Another twenty-three depositions

had already been scheduled for this week when the Defendants issued the subpoenas at issue on June

11 and June 18, 2008.  The Defendants have withdrawn seven of the recently-issued subpoenas,

leaving a total of thirty-nine depositions to take place this week.  (Defs.' Resp. 3.)  Fact discovery

is set to close on July 1, 2008.  Raytheon characterizes the schedule mandated by the Defendants'

subpoenas as unreasonable and unworkable.

While the court understands the difficulty in conducting so many depositions in such a short

time, Raytheon lacks standing to challenge the third-party subpoenas.  *Brown v. Braddick*, 595 F.2d

961, 967 (5th Cir. 1979); *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 784-85 (S.D. Tex. 2005); *see*

*also* 9A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2459, at 434 (3d ed.

2008) (citing *Brown*). In *Brown*, the Fifth Circuit stated that a party to a lawsuit is without standing to attack a third party's "amenability to the compulsory process of the district court" unless the party to the suit possesses the materials requested in the subpoena or asserts a "personal right or privilege with respect to the materials subpoenaed." *Brown*, 595 F.2d at 967. Raytheon makes no such complaint. Rather, it attacks nothing more than the timing and numerosity of the Defendants' third-party subpoenas. As such, Raytheon lacks standing to assert a challenge thereto.

Based on the foregoing, the court is of the opinion that the Plaintiff's Emergency Motion to Quash and Objection to Defendants' Notice of Serving 23 Third-Party Subpoenas" (de # 243) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 23rd day of June, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE