FOR PRINT PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| RAYTHEON COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-109 |
| | § | |
| INDIGO SYSTEMS CORPORATION and | § | |
| FLIR SYSTEMS, INC., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION & ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Before the court are the following:

1.  Plaintiff's Motion for Leave to File Second Amended Complaint and Brief in Support (de # 217);

2.  Defendants' Amended Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (de # 222);

3.  Plaintiff's Reply in Support of its Motion for Leave to File Second Amended Complaint (de # 225); and

4.  Defendants' Surreply to Plaintiff's Motion for Leave to File Second Amended Complaint (de # 226).

Having considered the Motion, the responsive briefing and the applicable law, the court is of the

opinion that the Motion should be GRANTED.

### I.  BACKGROUND

Raytheon filed this lawsuit in March of 2007, stating claims of patent infringement, trade

secret misappropriation and an array of state law business torts.  From the outset, the Defendants

have asserted that Raytheon's trade secret claim is barred by limitations.  In October of 2007, the

Defendants filed a motion for summary judgment on Raytheon's trade secret claim, arguing that the

claim should fail because it, among other things, is untimely under the statute of limitations. Raytheon responded to the Defendants' summary judgment contentions by seeking refuge under the tolling effect of its claim of fraudulent concealment by the Defemdants. Raytheon filed this Motion seeking leave of the court to allow it to amend its complaint to allege conduct amounting to fraudulent concealment.

In 1997, Raytheon addressed concerns to Indigo over its hiring practices. Raytheon developed suspicions that Indigo was systematically hiring its engineers, thereby obtaining access to Raytheon's proprietary information and giving Indigo an unfair advantage in the marketplace. The parties negotiated a solution to the disagreement, entering into an agreement limiting Indigo's freedom to hire Raytheon personnel. Raytheon now claims that Indigo's response to its accusations of malfeasance was an artifice designed to discourage Raytheon from further investigating its fears. Raytheon contends that, although Indigo agreed not to use Raytheon's intellectual property, Indigo continued to hire Raytheon employees in an effort to obtain Raytheon's intellectual property and that Indigo's gestures to assuage Raytheon's concerns were designed to conceal its illegitimate activities.

In their answer, the Defendants quoted from correspondence created during the episode. Raytheon argues that it was unable to state a claim of fraudulent concealment until after it had received that correspondence through document discovery from the Defendants. It argues that this correspondence, which provides the basis for its potential claim of fraudulent concealment, was wrongfully withheld from production by the Defendants. Raytheon claims that it should be granted leave to amend its complaint to state a claim of fraudulent concealment because its failure to make that allegation thus far is attributable to the Defendants' failure to produce the correspondence serving as the basis for that claim. The Defendants argue that the Motion should be denied because

the amendment would be futile and because Raytheon's request for leave is untimely.  The deadline

to amend pleadings without leave of the court was November 13, 2007.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings occurring after

the court-ordered deadline.  *S & W Enterprises, L.L.C. v. South Trust Bank of Alabama*, 315 F.3d

533, 536 (5th Cir. 2003).  Rule 16(b) provides that the court's scheduling order "'shall not be

modified except on a showing of good cause and by leave of the district judge.'" *Id*. at 535.  "The

good cause standard requires the party seeking relief to show that the deadlines cannot reasonably

be met despite the diligence of the party needing the extension."  *Id*. (internal citation omitted).

In evaluating whether good cause exists, the court should look at the following four factors:

"(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the

[amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a

continuance to cure such prejudice." *Id*. at 536.  If good cause is shown, the court looks to Rule

15(a), which provides that leave to amend shall be freely given.  *Id*.  Among the factors that would

preclude granting leave under even the more lenient standard are "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and]

futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION AND ANALYSIS

The court first turns to the issue of whether good cause exists to grant Raytheon leave to

amend its complaint.  Raytheon bases its fraudulent concealment claim on a course of action

undertaken by Indigo that is evidenced in correspondence generated contemporaneously therewith.

The Defendants quoted that correspondence in their answer, which was filed in May of 2007. Yet, they did not produce the correspondence until February 26, 2008, which was the night before the parties were to depose the Defendants' Rule 30(b)(6) witness on the statute of limitations issue. The Defendants point out that the correspondence was either received or generated by Raytheon in 1997, so Raytheon should have been aware of and should have retained copies of this correspondence. Thus, the argument runs, the delay in amending its complaint can be attributed to Raytheon's negligent handling of its own records. Regardless of whether Raytheon failed to retain copies of this correspondence, these documents were discoverable from the Defendants. The Defendants do not offer an explanation as to why they failed until the eleventh hour to produce documents that they quoted in pleadings filed with the court to establish a defense. While Raytheon perhaps should have been more careful in the maintenance of its records, this Motion easily could have been forestalled by the Defendants' timely production of obviously relevant documents.

The amendment is of immense importance because fraudulent concealment must be pled. *Rambus, Inc. v. Samsung Elecs. Co., Ltd.*, No. C-05-02298, 2007 U.S. Dist. LEXIS 3088, at *19 (N.D. Cal. Jan. 4, 2007); *Mowbray v. Avery*, 76 S.W.3d 663, 690 (Tex. App.—Corpus Christi 2002, pet. denied). In response to the Defendants' limitations contentions in their motion for summary judgment, Raytheon asserted both the discovery rule and fraudulent concealment. Without affording Raytheon leave to amend its complaint to assert fraudulent concealment, its arguments for tolling the statute of limitations would be plainly less effective. Likewise, there is little, if any, prejudice to the Defendants in allowing Raytheon to amend its complaint. Had the documents at issue been timely disclosed, the complaint could have been amended to assert fraudulent concealment without leave of the court.

Having considered the factors prescribed by the Fifth Circuit, the court finds that there is good cause for granting Raytheon leave to amend its complaint.  The court now turns to the question of whether any considerations in this case would warrant denying leave.  *S & W Enterprises*, 315 F.3d at 536; *see Foman*, 371 U.S. at 182.   The Defendants argue that Raytheon's proposed amendment would be futile because the fraudulent concealment theory fails on the facts of the case. As an additional ground of futility, the Defendants argue that the proposed amendment fails to comply with the heightened pleading requirements of Rule 9(b).

A motion for leave to amend may be denied if the proposed amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000); *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 626 (E.D. Tex. 2007).  A proposed amendment is futile if it "would fail to state a claim upon which relief could be granted."  *Stripling*, 234 F.3d at 873.  In other words, if the revision would not survive a motion made under Rule 12(b)(6), the motion for leave to amend should be denied.  A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, __U.S.__, 127 S. Ct. 1955, 1969 (2007).  The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *Id*. at 1965, and into the "realm of plausible liability." *Id*. at 1966 n.5.  Motions to dismiss, of course, are disfavored and are rarely granted.  *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).

A meritorious claim of fraudulent concealment tolls the statute of limitations in recognition of a defendant's wrongful behavior that conceals the underlying wrong that would have otherwise been timely discovered by a reasonably diligent claimant.  *Colonial Penn Ins. v. Market Planners Ins. Agency Inc.*, 157 F.3d 1032, 1035 (5th Cir. 1998); *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir.

2006).[1] Thus, the tolling effect of fraudulent concealment comes to an end when either the plaintiff knows of his claim or circumstances exist that would allow a reasonably attentive plaintiff to discover its existence. *Colonial Penn*, 157 F.3d at 1035.

The Defendants cite a number of cases that stand for the uncontroversial proposition that a party may not take advantage of fraudulent concealment when it knows of, but sits on, its cause of action. The Defendants have not cited, and the court has not found, any cases that reject fraudulent concealment based merely on a party's suspicions that it may have been wronged. Indeed, both the Fifth and Ninth Circuits have rejected such a proposition in no uncertain terms. *Advocare International L.P. v. Horizon Labs., Inc.*, 524 F.3d 679, 694 (5th Cir. 2008); *Conmar Corp. v. Mitsui & Co.*, 858 F.2d 499, 504 (9th Cir. 1988). Both cases require more than the claimant's initial suspicions to defeat its later reliance on the tolling of limitations under a fraudulent concealment theory. The Defendants' characterization of Raytheon's proposed amendment as futile based on its argument regarding the facts of this case is unconvincing, particularly at the dismissal stage of the litigation. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006).

The court turns next to the sufficiency of Raytheon's amended pleading. The Rules state that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This heightened requirement applies to averments of fraudulent concealment. *Norwood v. Raytheon Co.*, 501 F. Supp. 2d 836, 838-39 (E.D. Tex. 2006); *Guerrero*, 442 F.3d at 706-07.

---

[1]Raytheon has pled the majority of the claims at issue in this civil action under Texas law. However, the vast majority, if not all, of the events giving rise to this lawsuit occurred in California. As such, it is not altogether clear which law the court would apply given a thorough choice of law analysis. The laws of both the Fifth and Ninth Circuits are sufficiently in accord that the issue need not be decided in connection with this Motion. Accordingly, citations to decisions from each circuit are provided where appropriate.

Raytheon must show "(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Clemens v. Daimlerchrysler Corp.*, No. 06-56410, 2008 U.S. App. LEXIS 15949, at *11 (9th Cir. July 24, 2008) (quoting *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321 (1974)); *see also Malone v. Sewell*, 168 S.W.3d 243, 251 (Tex. App.—Fort Worth 2005, pet. denied).

Raytheon's complaint as amended pleads its fraudulent concealment claim with sufficient particularity under Rule 9(b). Raytheon alleges that its suspicions of wrongdoing were aroused again in August of 2004 when it disassembled one of Indigo's products and confirmed in February of 2007 when it reviewed its personnel files. (Sec. Am. Compl. ¶¶ 28, 29.) The complaint as amended also alleges the circumstances under which the alleged concealment was discovered. The allegations trace the chronology of events from fears of piracy and the quelling of those fears to renewed skepticism and the investigation undertaken in the wake thereof. Finally, Raytheon sufficiently pleads its lack of fault in not discovering the Defendants' alleged wrongdoing earlier. The complaint as amended paints a portrait of affirmative efforts on the part of the Defendants to discourage continued investigation by Raytheon of its suspicions of intellectual property theft. (Sec. Am. Compl. ¶¶ 16-20.) The parties created a framework of agreements specifically designed to protect Raytheon's confidential information, eliminating, for some time, the need for continued pursuit of Raytheon's mistrust.

The Defendants make two additional arguments that can both be discharged under the same reasoning. First, the Defendants argue that Raytheon should not be allowed to amend its complaint in an effort to defeat summary judgment. Second, they argue that Raytheon unduly delayed

amending its complaint when it knew of the Defendants' statute of limitations argument from the beginning.  It was not until well after the deadline to amend pleadings that Raytheon possessed the documents allowing it to allege a claim of fraudulent concealment.  This is not to imply in any way that counsel for the Defendants have engaged in wrongful behavior; many innocent explanations exist to account for the production of these documents just prior to the deposition of the Defendants' 30(b)(6) witness.  But justice would not be served by denying to Raytheon leave to amend its complaint in these circumstances.  Raytheon's attempt to amend is, therefore, not untimely.

## IV.  CONCLUSION

The court finds that good cause exists to allow Raytheon to amend its complaint to state a claim of fraudulent concealment.  Additionally, the court finds an absence of special circumstances that would justify denying leave to amend; the bias of Rule 15 in favor of granting leave to amend should not be disturbed in this case.  *Stripling*, 234 F.3d at 872.  Accordingly, the court is of the opinion that the "Plaintiff's Motion for Leave to File Second Amended Complaint and Brief in Support" (de # 217) should be, and hereby is, GRANTED.

IT IS SO ORDERED.

**SIGNED this the 11th day of August, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE