# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| RAYTHEON COMPANY,<br>　　Plaintiff,<br><br>v.<br><br>INDIGO SYSTEMS CORPORATION and<br>FLIR SYSTEMS, INC.,<br>　　Defendants. | §<br>§<br>§<br>§　　Case No. 4:07-cv-109<br>§<br>§<br>§<br>§<br>§ |

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTION

Before the court are "Raytheon's Motion for Protection Regarding Notices of Deposition [for] Steve Black, Stefan Baur and Rich Mullins" (de # 319) and the Defendants' Response (de # 334) thereto. In its Motion, Raytheon asks the court to quash three subpoenas issued to the witnesses referred to above. Each of the witnesses is employed by Raytheon and has been deposed by the Defendants as a fact witness. After the close of fact discovery, but within the time to do so, Raytheon designated Black, Baur and Mullins as expert witnesses. Raytheon argues that these witnesses should be treated exclusively as fact witnesses and that the Defendants missed their chance to depose these witnesses on their expert topics. The Defendants argue that, as designated expert witnesses, Black, Baur and Mullins are subject to the expert discovery provisions of Rule 26. The Defendants also argue that they have not had the opportunity to depose Black, Baur and Mullins on their expert opinions because they were not on notice that Black, Baur and Mullins would double as both and fact and expert witnesses.

The court is in agreement with the Defendants on both points. While Black, Baur and Mullins are neither specially employed to provide expert testimony in the case nor employees whose duties regularly involve giving expert testimony, and therefore fit within the exception in Rule 26(a)(2)(B) and need not furnish expert reports, Raytheon has not demonstrated that they are outside

the ambit of Rule 26(b)(4)(A). The cases cited by Raytheon tend to indicate one of two propositions that are unhelpful here. First, Raytheon cites cases showing that "hybrid witnesses" who are not designated as experts should be treated as fact witnesses to the extent that their opinion testimony does not go beyond opinions generated based on having observed the events giving rise to the lawsuit. *Young v. U.S.*, 181 F.R.D. 344, 346 (W.D. Tex. 1997) (citing *Dallas v. Marion Power Shovel Co., Inc.*, 126 F.R.D. 539, 540-41 (S.D.Ill.1989)). The other cases cited by Raytheon can be distinguished because the party seeking discovery of the hybrid witness' expert opinions either had a full opportunity to do so, *e.g.*, *Wells Fargo Bank Minnesota v. Wachovia Bank*, No. Civ. A. 3:02-CV-1945-M, 2004 WL 2974200, at *2 (N.D. Tex. Dec. 16, 2004), or was able to conduct further fact discovery. *Ron J. v. McKinney Indep. School Dist.*, No. 4:05-CV-257, 2006 WL 5111119, at *1 (E.D. Tex. Mar 20, 2006). The cases cited by Raytheon do not stand for the proposition that designated experts, no matter their label, are exempt from Rule 26(b)(4)(A), and nothing in that Rule presents such an exemption. *See Wallace v. Hounshel*, 1:06-cv-1560, 2008 U.S. Dist. LEXIS 52442, at *9-10 (S.D. Ind. July 3, 2008).

Until Raytheon disclosed Black, Baur and Mullins as experts, the Defendants had no way to know of their status as such. Had the Defendants been aware that Raytheon intended to offer expert testimony from Black, Baur and Mullins when they were deposed, the court's decision on this Motion would be different. But because the Defendants have not had a fair opportunity to examine the expert opinions of Black, Baur and Mullins, the depositions must be allowed to proceed.

Based on the foregoing, the court is of the opinion that "Raytheon's Motion for Protection Regarding Notices of Deposition [for] Steve Black, Stefan Baur and Rich Mullins" (de # 319) should be, and hereby is, DENIED.

IT IS SO ORDERED.
**SIGNED this the 23rd day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE