IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RAYTHEON COMPANY,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Case No. 4:07-cv-109 |
| | § | |
| INDIGO SYSTEMS CORPORATION and<br>FLIR SYSTEMS, INC.,<br>    Defendants. | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO COMPEL**

Before the court are the following:

1. Defendants' Motion to Compel Discovery Regarding Misappropriation and Damages (de # 295);

2. Plaintiff's Response to Defendants' Motion to Compel Discovery Regarding Misappropriation and Damages (de # 309);

3. Reply in Support of Defendants' Motion to Compel Discovery Regarding Misappropriation and Damages (de # 314); and

4. Plaintiff's Sur-reply to Defendants' Motion to Compel Discovery Regarding Misappropriation and Damages (de # 318).

Having considered the Motion, the responsive briefing and the relevant legal principles, the court is of the opinion that the Defendants' Motion should be GRANTED IN PART and DENIED IN PART.

Among other claims, Raytheon has asserted against the Defendants a claim of trade secret misappropriation. The gravamen of Raytheon's claim is that the Defendants exploited technical and confidential information held by personnel they hired from Raytheon to fast-track the development of their own infrared imaging technology. Raytheon contends that this illicit advantage allowed the Defendants to develop that technology much quicker than it could have without the benefit of the

confidential information developed by Raytheon.

The Defendants filed this Motion seeking an order of the court compelling Raytheon to respond to certain discovery requests relating to Raytheon's trade secret misappropriation claim. The Motion focuses on four requests: "(i)...Indigo's Interrogatory No. 2, which seeks information regarding the manner in which the misappropriation occurred; (ii)...Indigo's Seventh Set of Requests for Production, which seeks documents evidencing misappropriation...; (iii)...Indigo's Interrogatory No. 34, which seeks information relating to Raytheon's contention about the development time for Defendants' products; and (iv)...Indigo's Interrogatories 11 and 20, which seek information regarding damages." (Defs.' Mot. 1.)

**Interrogatory Number Two**

The Defendants' Interrogatory Number Two reads "[f]or each alleged trade secret identified in your response to Interrogatory No. 1, please identify all persons who you allege improperly transferred such information to Defendants, and please describe in detail the circumstances in which you allege such improper transfer took place." (*Id*. at Ex. A.) On June 11, 2008, Raytheon amended its response to provide two lists: a list of trade secrets it asserts were stolen by the Defendants and a list of "suspected individuals who may have been responsible for some or all of the improper transfer" of those trade secrets. (*Id*. at Ex. L.) The first list includes 125 alleged trade secrets, and the second list contains the names of 112 former Raytheon employees. On August 21, 2008, Raytheon supplemented its response with a chart delineating trade secrets by number and containing categories of former Raytheon employees to whom each trade secret may have been exposed. (Defs.' Reply Ex. A.)

Raytheon argues that the court has already ruled on the Defendants' requested relief. On

March 24, 2008, the Defendants filed an emergency motion to compel Raytheon to answer Interrogatory Number Two. The court referred the matter to the magistrate judge who held a hearing the next day. At the hearing, counsel for the Defendants indicated that without any response to Interrogatory Number Two, it would be unable to prepare former Raytheon employees for their then-upcoming depositions. (Pl.'s Resp. Ex. B. 28:08-16, 28:23-25, 29:15-19.) Judge Bush ordered that Raytheon designate as to each witness the trade secret(s) it contends the witness to have misappropriated, and for any witness that Raytheon did not make such an designation, defense counsel could show the witness the entire trade secret list in preparation for that witness' deposition. (*Id*. at 34:08-16.) The parties conducted seventy-two depositions of current, former and retired Raytheon personnel regarding Raytheon's misappropriation claim.

Raytheon's argument that the court has conclusively ruled on the Defendants' Interrogatory Number Two is contradicted by the transcript of the proceedings held before Judge Bush. The transcript makes plain that the hearing was simply about enabling the Defendants to adequately prepare its witnesses for depositions that had been noticed. The concern urged by defense counsel and ruled on by Judge Bush was to avoid having unprepared witnesses ambushed at deposition. The backdrop of preparing witnesses for deposition is made even clearer by the fact that the former employees are referred to by all involved as "witnesses" throughout the portion of the hearing excerpted in Raytheon's Response. Thus, while the Defendants did seek a full response to their Interrogatory Number Two in the written motion that prompted the hearing before Judge Bush, his ruling was narrowly tailored to witness preparation. The court, contrary to Raytheon's contention, has not ruled on the Defendants' Interrogatory Number Two.

Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense..." FED. R. CIV. P. 26(b)(1). Of course, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The information requested by the Defendants is conspicuously relevant; it would be difficult to imagine information that is more fundamental to Raytheon's misappropriation claim.

That said, requiring Raytheon to respond in full to the Interrogatory would, at this stage, be "unreasonably cumulative or duplicative." FED. R. CIV. P. 26(b)(2)(C)(i). The Defendants were able to examine seventy-two witnesses at length and gather information regarding the circumstances surrounding their employment with Raytheon as pertains to the trade secrets at issue. Requiring Raytheon to supplement its response as to witnesses who have been deposed would be unreasonably duplicative. However, Raytheon has produced a list of 112 former employees who it alleges have stolen its proprietary information. The Defendants, therefore, have not had the opportunity to examine many former Raytheon employees regarding Raytheon's misappropriation claim. Indeed, because Raytheon designated the trade secret list "Attorneys' Eyes Only," the Defendants would have run the risk of violating the court's protective order had they meaningfully attempted to engage these issues with former employees who were not deposed. Raytheon, therefore, must supplement its response as to the those of the 112 employees who were not deposed in this action.

All that is left is Raytheon's boilerplate objections to this Interrogatory. These objections are plainly insufficient. *Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 340 n.4 (N.D. Ill. 2007). Therefore, Raytheon shall be required to supplement its response and answer the Defendants' Interrogatory Number Two in full as it relates to any person who is on the list of former employees

contained in its June 11, 2008 who has not been deposed in this case.

**Seventh Set of Requests for Production**

In its Seventh Set of Requests for Production ("RFPs"), the Defendants requested documents from Raytheon that evidence, for each former Raytheon employee listed in response to Interrogatory Number Two, the employee's "knowledge of," "access to" and "misappropriation of" alleged trade secrets asserted in this action by Raytheon. (Pl.'s Resp. Ex. A-1.) In response, Raytheon asserts that, due to the collaborative and team-based nature of the working environment at Raytheon, there is no way to know to which documents each employee was exposed, rendering it impossible to respond to the RFPs. (*Id*. at 6.) Raytheon also contends that it has produced documents responsive to these requests. (*Id*. at Ex. A-1.)  The Defendants have not, however, been provided with bates numbers for the responsive documents that have been produced. (Mot. at 6.)

That a request for production "will cause great labor and expense or even considerable hardship...does not of itself" render the request unduly burdensome. 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2214, at 438-39 (1994). The discovery has "normally been allowed unless the hardship is unreasonable in light of the benefits secured from the discovery." *Id*. at 439. That the nature of Raytheon's business environment may create "heavy expenditures of time and effort to produce requested documents is an insufficient reason to prevent disclosure of otherwise discoverable information." *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 611 (D. Neb. 2001).; *see also Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976).

The court is in agreement with these authorities. Though it may be difficult for Raytheon to locate responsive documents, it is Raytheon who has placed the trade secret issues into controversy. The requested discovery is patently relevant under Rule 26, and because the RFPs go to the very

heart of Raytheon's misappropriation claim, it is difficult to imagine why the hardship involved in locating documents responsive to the Defendants' RFPs would be undue. Therefore, Raytheon must fully respond to the Defendants' Seventh Set of RFPs. If, as Raytheon suggests, it has produced documents responsive to the Defendants' RFPs, it must provide bates numbers for documents that are responsive to each request.

**Interrogatory Number 34**

The Defendants' Interrogatory Number 34 asks Raytheon to "[s]tate 'the time ordinarily expected for the research and development of '[sic]each product you contend was developed by Defendant 'in a fraction of [such] time' as alleged in Paragraph 25 of the First Amended Complaint." (Mot. at Ex. I.) Subsequent to the filing of the Defendants' Motion, the court granted Raytheon's Motion for Leave to File Second Amended Complaint ("SAC") (de # 303). Raytheon's SAC does not contain the allegation that the Defendants developed competing technologies more quickly than would ordinarily be expected. Thus, the dispute regarding Interrogatory Number 34 is now moot. The Defendants note that Raytheon's expert report adopts the contention embodied in Paragraph 25 of the First Amended Complaint that the alleged misappropriation allowed the Defendants to develop products more quickly than would be possible without such an illicit advantage. (*See* Mot. at Ex. N.) If the Defendants believe this adoption constitutes a shortcoming in the experts' analysis, they are free to address that both in a *Daubert* motion and before the jury.

**Interrogatory Numbers 11 and 20**

The Defendants claim that Raytheon did not adequately respond to these interrogatories, which seek information regarding Raytheon's calculation of damages. Raytheon argues that it has responded in full to these interrogatories in a supplementation that came after the filing of the

Motion. The Defendants have not indicated any disagreement with this contention. The court will presume this dispute to be moot.

Having considered the foregoing, the court is of the opinion that the "Defendants' Motion to Compel Discovery Regarding Misappropriation and Damages" (de # 295) should be GRANTED IN PART and DENIED IN PART. As to any of the 112 former Raytheon employees on Raytheon's June 11, 2008 list who have not been deposed in this action, Raytheon is to respond in full to Interrogatory Number Two by supplementing its response thereto. The Motion should be, and hereby is, GRANTED IN PART as to that dispute. Additionally, Raytheon is to supplement its responses to the Defendants Seventh Set of Requests for Production so as to respond fully thereto. The Motion should be, and hereby is, GRANTED as to that dispute. In the event that a thorough response has been made by virtue of previous productions, Raytheon is to identify by bates number the documents responsive to each request. Finally, the disputes surrounding Interrogatories Number 11, 20 and 34 are moot. The Motion should be, and hereby is, DENIED as to those disputes.

IT IS SO ORDERED.

**SIGNED this the 22nd day of December, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE