**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| RAYTHEON COMPANY,       Plaintiff, | § § § | |
| v. | § § | Case No. 4:07-cv-109 |
| INDIGO SYSTEMS CORPORATION and FLIR SYSTEMS, INC.,       Defendants. | § § § § | |

**MEMORANDUM OPINION & ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND PATENT INFRINGEMENT CONTENTIONS**

Before the court is the Plaintiff's "Motion for Leave to Supplement Patent Infringement Contentions" (Dkt. 276) and briefing filed in response. Having considered the Motion, the arguments of the parties and the relevant legal principles, the court is of the opinion that the Motion should be DENIED.

In this lawsuit, filed in March of 2007, Raytheon asserts a myriad of claims including infringement of four patents. Pursuant to this court's Local Patent Rules, Raytheon served its Patent Infringement Contentions (PICs) on the Defendants on August 16, 2007. Raytheon based its PICs on data obtained from reverse engineering products manufactured by the Defendants that Raytheon believes infringe its patents. On February 13, 2008, with the Defendants' consent, Raytheon added an eighth claim chart to its PICs.

On April 9, 2008, the court conducted a claim construction hearing regarding the disputed patent claims in this case. The court has not issued its claim construction order. Fact discovery concluded on July 1, 2008. Expert discovery concluded on September 24, 2008. Trial is scheduled to begin on January 20, 2008. Raytheon filed this Motion on July 15, 2008. In its Motion, it seeks leave of the court to supplement most of its existing claim charts and add 22 new charts to its PICs.

Patent Rule 3-1 requires a party alleging infringement to disclose asserted claims and infringement contentions "[n]ot later than 10 days before the Initial Case Management Conference . . . ." P.R. 3-1. These disclosures are "designed specifically to 'require parties to crystallize their theories of the case early in the litigation,'" so that the parties' efforts may be focused on addressing a stable set of infringement contentions. *Coopervision, Inc. v. CIBA Vision Corp.*, 480 F. Supp. 2d 884, 887 (E.D. Tex. 2007) (quoting *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006)). The patent rules also specifically detail when amended contentions may be served. *See* P.R. 3-6. Specifically, PICs may only be amended or supplemented before the court issues its claim construction ruling "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b).

Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). One of the goals of the Federal Rules of Civil Procedure and the Local Patent Rules is to expedite the litigation process and make it less expensive. *Coopervision*, 480 F. Supp. 2d at 887.

The court has the inherent power to modify its scheduling orders upon a showing of good cause by the party seeking such a change. FED. R. CIV. P. 16(b)(4). The presence of good cause is illustrated by the consideration of four factors: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. 2008)

(citing *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003)).

Raytheon explains its need to supplement its PICs both as being out of an abundance of caution and based on information that was culled from the discovery process after it served its original PICs.  The Defendants argue that Raytheon's caution is responsive to a letter their counsel sent to Raytheon's counsel in September of 2007 and that Raytheon could have obtained the materials on which it bases its supplemental PICs earlier in discovery.

While Raytheon conducted its discovery within the deadlines set out in the court's scheduling order, it does not explain why it waited until the eve of those deadlines to conduct much of its discovery.  Particularly troubling is that Raytheon's alleged need to supplement its PICs is based on a letter its counsel received on September 20, 2007.  In that letter, counsel for Defendants indicated that they considered the scope of Raytheon's patent infringement claims to be limited to the products and theories set forth in Raytheon's original PICs.  If Raytheon truly was concerned about the views raised in that letter, it should have sought the information that addressed those views earlier in this case.  Raytheon asserts no reason why the sentiments raised by the Defendants in September of 2007 failed to spur action on its part until the latter portion of discovery and after the *Markman* hearing.  This factor weighs in favor of denying leave to supplement.

Raytheon asserts that its proposed supplementation is very important because it clarifies its infringement contentions and justifies previous discovery requests.  As to Raytheon's latter argument, any discovery Raytheon has obtained in this case need not be justified to the court.  Raytheon does not need to supplement its PICs to justify discovery that has long since been completed.  As to Raytheon's former argument, Raytheon goes to great lengths to assure the court that it "neither asserts new claims or theories of infringement nor alleges additional products infringe

the asserted claims of the patents-in-suit." (Dkt. 276, 2.) However, there is no allegation that Raytheon's original PICs are insufficient under the court's Patent Rules. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005). If Raytheon's supplementation merely clarifies that which is sufficiently clear in the first place, it is difficult to understand how the amendments could be particularly important. This factor weighs in favor of denying leave to supplement.

Raytheon argues that because much of the documentation that has allowed it to proffer its supplemental PICs came from the Defendants in discovery that the Defendants will not be prejudiced by its supplementation. Raytheon also argues that because its supplemental PICs do not introduce new theories of infringement into this litigation, the Defendants have already been aware of what Raytheon seeks to prove and, thus, would not be prejudiced by Raytheon's supplementation. The Defendants argue, however, that the supplemental PICs do indeed offer new theories of infringement and would require the court to reopen discovery and claim construction. Despite Raytheon's protestations to the contrary, its supplemental PICs do alter some of its infringement theories. (*See* Dkt. 284, Ex. D at 5-7, 9.) Were the court to allow Raytheon to supplement its PICs in the manner proposed, the entire case, which is now some twenty-one months old, would essentially start over from scratch. The Defendants would need to expend a king's ransom in assessing the new PICs, reformulating its defense strategy and participating in reopened fact discovery were the court to allow Raytheon to submit its supplemental PICs. They would also be prejudiced by the inevitable delay that would ensue. This factor weighs in favor of denying leave to supplement.

For the reasons just given, providing a continuance, though possible, would not be a preferable course of action in this case. This factor weighs in favor of denying leave to supplement.

For the foregoing reasons, the court is of the opinion that the Plaintiff's "Motion for Leave to Supplement Patent Infringement Contentions" (Dkt. 276) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 23rd day of December, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE