**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RAYTHEON COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-109 |
| | § | |
| INDIGO SYSTEMS CORPORATION and | § | |
| FLIR SYSTEMS, INC., | § | |
| Defendants. | § | |

**ORDER GRANTING**
**RAYTHEON'S MOTION TO DETERMINE WAIVER OF PRIVILEGE**

Before the court are the following:

1.     Raytheon's Motion to Determine Waiver of Privilege (de # 237);

2.     Defendants' Opposition to Raytheon's Motion to Determine Waiver of Privilege (de # 262);

3.     Raytheon's Response to Reply to Motion to Determine Waiver of Privilege (de # 273); and

4.     Defendants' Sur-reply to Raytheon's Motion to Determine Waiver of Privilege (de # 282).

In its Motion, Raytheon asks the court to determine whether the Defendants have waived the attorney-client privilege as it relates to 8 documents totaling 23 pages that were produced in advance of a deposition this February.  Having considered the Motion, the responsive briefing and the relevant legal principles, the court is of the opinion that the Motion should be GRANTED.

On February 27, 2008, Raytheon took the deposition of the Defendants' Rule 30(b)(6) witness regarding the Defendants' statute of limitations defense.  On the evening of February 26, 2008, counsel for the Defendants notified counsel for Raytheon that it had found some additional documents that bore on that deposition and that had not yet been produced.  (Mot. Ex. C)  The

documents consist of a series of correspondence between Indigo's outside counsel and Raytheon's in-house counsel regarding a hiring dispute that was eventually settled. (*See* Mot. at Ex. A.)

Relying on the documents at issue here, Raytheon filed a "Motion for Leave to File Second Amended Complaint" (de # 217) to state a claim for fraudulent concealment in hopes of neutralizing the Defendants' limitations defense. The court granted that motion. (*See* de # 303.) Four days after that motion was filed, the Defendants sent a letter to Raytheon asking that Raytheon return those documents pursuant to paragraph 23 of the "Agreed Protective Order" (de # 59.) In their opposition to Raytheon's motion for leave, the Defendants cited the documents to a limited extent. (Mot. at Ex. F., page 14.)

"If information produced in discovery is subject to a claim of privilege", Rule 26(b)(5)(B) permits the receiving party to present the information to the court under seal to determine whether the privilege has been waived by the disclosure. Fed. R. Civ. P. 26(b)(5)(B). In this circuit, the court applies a five-prong test to determine if privilege has been waived by virtue of an inadvertent disclosure of privileged material. Those factors are "(1) the reasonableness of precautions taken to prevent disclosure; (2) the amount of time taken to remedy the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." *Alldread v. City of Grenada*., 988 F.2d 1425, 1433 (5th Cir. 1993). However, it is "*patent*[]" that "a voluntary disclosure of information which is inconsistent with the confidential nature of the attorney client relationship waives the privilege." *Id*. at 1434 (emphasis added).

The court finds that the Defendants' disclosure of the documents at issue was voluntary, thus waiving the attorney-client privilege. First, the documents were reviewed by one of the defendants' attorneys and forwarded to his colleagues in Los Angeles for further review with instructions that

they be produced to Raytheon once a determination had been made that they had not yet been produced. (Mot. at Ex. D. ¶¶ 3-5.) The Defendants then produced the documents to Raytheon. Thus, after two levels of review, a conscious decision was made to produce the documents.

Next, it is apparent from the face of the documents that they are privileged. Indeed, the Defendants accurately describe the documents as "manifestly privileged." (Defs.' Resp. 3.) Each document is either printed on the letterhead of Indigo's outside counsel or Raytheon's in-house counsel or is a fax clearly identified as a communication between the two sides' legal representatives. One of the documents even provides the disclaimer "ATTORNEY WORK PRODUCT/ATTORNEY CLIENT COMMUNICATION - ALL PRIVILEGES CLAIMED." Even the most cursory of reviews would have revealed these documents as privileged. Multiple attorneys reviewed the documents and produced them; the only possible conclusion is that their production was a calculated decision.

Finally, these 23 pages constituted an entire production as opposed to being a minuscule portion of a voluminous production. The parties have exchanged millions of pages of documents in this litigation, and when inadvertent disclosure of privileged information occurred, a statistical certainty in a case of this magnitude, those documents have been amicably returned to the producing party. Unlike other productions, however, this production consisted of a small number of documents. Thus, the dangers inherent in large scale productions were not in play with this production. *See Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 U.S. Dist. LEXIS 36181, at *9 (May 31, 2006). The nature of this production indicates that defense counsel was familiar with its exact contents, further supporting the court's conclusion that the Defendants' production of the documents at issue was voluntary.

The Defendants argue that this Motion is violative of the Agreed Protective Order. Paragraph 23 of that order declares that the "[i]nadvertent production or disclosure of documents or information subject to the attorney-client privilege...shall not constitute a waiver..." That paragraph goes on to declare that a motion such as the instant Motion "shall not assert as a ground for production the fact of the inadvertent production or contents thereof." But the production of the documents at issue was not inadvertent; it was voluntary and knowing. Thus, the Defendants' argument is unavailing.

Based on the foregoing, the court is of the opinion that "Raytheon's Motion to Determine Waiver of Privilege" (de # 237) should be, and hereby is, GRANTED.

IT IS SO ORDERED.

**SIGNED this the 29th day of December, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE