# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RAYTHEON COMPANY,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 4:07-cv-109 |
| INDIGO SYSTEMS CORPORATION and<br>FLIR SYSTEMS, INC.,<br>    Defendants. | §<br>§<br>§<br>§ | |

## ORDER DENYING IN PART AND GRANTING IN PART
## PLAINTIFF'S MOTION TO STRIKE

Before the court is "Plaintiff Raytheon Company's Motion to Strike Certain Affirmative Defenses" (de # 336) and a Response (de # 344) and Reply (de # 346) thereto. In its Motion, Raytheon asks the court to strike six affirmative defenses from the "Defendants' Answer and Counterclaims to Plaintiff's Second Amended Complaint" (de # 315). The parties agree that the Defendants Sixth and Seventh affirmative defenses should be stricken. (Def's. Resp. 1 n.1.) The parties disagree as to whether the Defendants' unclean hands, laches, equitable estoppel and waiver defenses should be stricken. Having considered the Motion, the arguments of the parties and the relevant legal principles, the court is of the opinion that the Plaintiff's Motion should be GRANTED IN PART and DENIED IN PART.

Raytheon filed this lawsuit on March 2, 2007, stating various business tort and intellectual property claims against the Defendants. On May 18, 2007, the Defendants filed their answer and counterclaims, asserting a number of affirmative defenses, three of which are at issue in this Motion. On November 13, 2007, Raytheon filed an amended complaint, to which the Defendants filed an amended answer and counterclaims. That responsive pleading contained all four affirmative defenses at issue. On April 11, 2008, Raytheon filed its Second Amended Complaint after obtaining

leave from the court. On September 2, 2008, the Defendants filed their answer, again asserting each of the four defenses. Finally, on September 19, 2008, Raytheon filed an answer to the "Defendants' Answer and Counterclaims to Plaintiff's Second Amended Complaint," denying each of the defenses at issue. Raytheon filed this Motion on the same day. Pursuant to Rule 12(f), Raytheon seeks to strike the Defendants' affirmative defenses of unclean hands, equitable estoppel, waiver and laches as being insufficiently pled.

Rule 12(f) empowers the court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike defenses are, however, generally disfavored and infrequently granted. *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). The granting of a motion to strike lies within the sound discretion of the court. *Id*. "An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). In other words, the liberal pleading standards applicable to claims for relief apply with equal force to defenses to liability. A claimant is thus entitled to "fair notice" of the defenses which he will encounter, and a defendant must plead his defenses with specificity sufficient to supply such. *Id*. Additionally, the court must not strike a defense as immaterial or impertinent unless "(1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; or (2) the challenged portion may prejudice the moving party." *Microsoft Corp. v. Worth*, No. 3:06-cv-2213, 2007 U.S. Dist. LEXIS 49019, at *5 (July 5, 2007).

Having reviewed the live pleadings, the court finds that the "Defendants' Answer and Counterclaims to Plaintiff's Second Amended Complaint" provides Raytheon with sufficient notice regarding the affirmative defenses at issue. Under a more rigorous standard, perhaps these defenses

would fall short, but the Defendants' Answer accomplishes the goals of notice pleading. The court is further informed by the fact that each of these defenses have been in play since at least December of 2007, and Raytheon has not complained of any shortcomings. Raytheon was able to both proceed through fact discovery with notice of the defenses and specifically deny each in its September 19, 2008 Answer. (*See* de # 335 ¶¶ 4-6, 27.) For these reasons, Raytheon cannot be said to be prejudiced by the inclusion of the defenses at issue. *Worth*, 2007 U.S. Dist. LEXIS 49109, at *5. The court also finds these defenses to be sufficiently related to the underlying action such that their relevance may not fairly be called into question. *Id*.

Based on the foregoing, the court is of the opinion that "Plaintiff Raytheon Company's Motion to Strike Certain Affirmative Defenses" (de # 336) should be, and hereby is, GRANTED IN PART and DENIED IN PART. The Motion is GRANTED inasmuch as it seeks to strike the Defendants' affirmative defenses of "No Injury" and "No Causation." The Motion is DENIED inasmuch as it seeks to strike the Defendants' affirmative defenses of "Unclean Hands," "Laches," Equitable Estoppel" and "Waiver."

IT IS SO ORDERED.

**SIGNED this the 29th day of December, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE