UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RAYTHEON COMPANY, a Delaware corporation, § § § |  |
| Plaintiff, § § |  |
| v. § | Case No. 4:07 cv 109 |
| § |  |
| INDIGO SYSTEMS CORPORATION, a California corporation, and FLIR SYSTEMS, INCORPORATED, an Oregon corporation, § § § § § § |  |
| Defendants. § |  |

**PLAINTIFF'S EMERGENCY MOTION TO STRIKE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S DAMAGES AND BRIEF IN SUPPORT**

Raytheon serves this Emergency Motion to Strike Defendants' motion for summary judgment on Plaintiff's damages and brief in support,[1] and would respectfully show the Court as follows:

**Summary of Motion and Basis for Emergency Relief**

On the same day they filed their Daubert motion to exclude the testimony of Raytheon's damages expert ("*Daubert* motion")[2], Defendants also filed a 25-page motion for summary judgment on damages ("Motion") and a 10-page motion in limine regarding damages. But instead of establishing their entitlement to summary judgment, Defendants use their Motion as a vehicle through which to circumvent the 15-page limit applicable to their non-dispositive *Daubert* motion.[3] Defendants should not be allowed to blatantly circumvent the local rules, and

---

[1] Docket No. 425.1

[2] Docket No. 424

[3] See Local Rule CV-7(a)(2)

**PLAINTIFF'S EMERGENCY MOTION TO STRIKE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S DAMAGES AND BRIEF IN SUPPORT – PAGE 1**

their motion for summary judgment on damages should be stricken from the record. Emergency relief is necessary because Raytheon's Response to Defendants' Motion is currently due on January 29, 2009.

## I.      Factual Background

Raytheon retained Walter Bratic ("Bratic") as its damages expert. On January 13, 2009, Defendants filed a *Daubert* motion to strike a portion of Bratic's testimony. Under the Local Court Rules, Defendants' *Daubert* motion was limited to fifteen pages. LR CV-7(a)(2).

On the same day they filed their *Daubert* motion, Defendants also filed a 25-page motion for summary judgment on damages (their fourth motion for summary judgment) and motion in limine on damages. Though brought under the guise of defeating the damages element of Raytheon's trade secret and patent claims, the Motion is really just an extended attack on Bratic's methodology. The premise of the Motion is that Raytheon's damages are not based on a "valid model." (Mot. at 24). Throughout the Motion, Defendants repeatedly complain about alleged shortcomings in Bratic's opinions. (Mot. at 4, 6, 11-13, 16, 18-20). Defendants also complain that Bratic's opinions are "riddled with…methodological errors" (Mot. at 16), and are "premised on…irrational and unsupported assumptions." (Mot. at 19).

Defendants' Motion is nothing more than an end run around the page limits applicable to their Daubert motion, and should be stricken.

## II.      Brief in Support

**A.    Defendants' Motion should be stricken as an improper attempt to circumvent the page limits applicable to Defendants' *Daubert* motion.**

Under this Court's local rules, *Daubert* motions are limited to fifteen pages. LR CV-7(a)(2). Parties cannot circumvent applicable page limitations through incorporation of other documents into the motion. *Beazley v. Johnson*, 242 F.3d 248, 266 (5th Cir. 2001). Similarly,

parties should not be allowed to circumvent page limits by filing separate motions. *See, e.g., Sparks v. Wal-Mart Stores, Inc.*, 361 F.Supp.2d 664, 672 (E.D. Mich. 2005) (striking motions for summary judgment and explaining that the court "does not condone the practice of filing extraneous motions to frustrate the page limits imposed" by the local rules.)

Here, despite the fact that Defendants titled their motion as one for summary judgment, it is really just another twenty-five pages of *Daubert* Motions, and should be treated as such. *Pequeno-Martinez v. Trominski*, 281 F.Supp.2d 902, 926 (S.D. Tex., 2003) (explaining that the substance of a motion—not its title—determines how it is treated).

The Motion contains twenty-five pages of argument as to why Defendants' *Daubert* motion should be granted. Among other things, Defendants complain that:

> -Bratic failed to apportion profits and royalties based upon accused and non-accused products (Mot. at 4, 6, 11-14);
>
> -Bratic's damages model is improperly based on an "all-or-nothing" approach (Mot. at 6);
>
> -Bratic's damages calculations are "riddled with methodological errors" (Mot. at 16);
>
> -"Bratic's opinions are premised on…irrational and unsupported assumptions" (Mot. at 19);
>
> -Bratic's calculations are "plagued by…fatal flaws" (Mot. at 20).

In fact Defendants admit that they rely upon the "accompanying *Daubert* Motion" as support for their argument that they are entitled to summary judgment. (Mot. at 15, 15 n.70; 16 n.74; 20 n.96).

It is clear that Defendants' Motion is nothing more than an attempt to circumvent the page limits applicable to its *Daubert* Motion. This Court should not condone Defendants'

actions—and should not allow Defendants to pursue what is effectively a *forty-page Daubert* Motion. Defendants' Motion should be stricken.

**B.    Emergency relief is necessary because of Raytheon's impending Response deadline.**

Raytheon's response to Defendants' Motion is currently due on January 29, 2009. Accordingly, Raytheon requests emergency consideration of this motion to strike. Raytheon further requests that, to the extent it is required to respond to the Motion, its response be due 12 days from the date of this Court's order on this emergency motion.

### III.    Request for Relief

Raytheon respectfully requests that the Court grant this emergency motion and strike Defendants' motion for summary judgment on Plaintiff's damages and brief in support. Alternatively, Raytheon requests that it be given 12 days from the date of this Court's ruling on this emergency motion in which to respond to Defendants' motion for summary judgment.

                                                Respectfully submitted,

**DATED:   January 21, 2009**         /s/ Martin E. Rose
                                                Martin E. Rose - Lead Attorney
                                                Texas State Bar No. 17253100
                                                Ross Cunningham
                                                Texas State Bar No. 24007062
                                                **ROSE•WALKER, L.L.P.**
                                                3500 Maple Ave., Suite 900
                                                Dallas, TX 75219
                                                Telephone: (214) 752-8600
                                                Facsimile:  (214) 752-8700
                                                mrose@rosewalker.com
                                                rcunningham@rosewalker.com

                                                Joe Kendall
                                                Texas State Bar No. 11260700
                                                **THE KENDALL LAW GROUP**
                                                3232 McKinney Avenue, Suite 700
                                                Dallas, TX 75204
                                                Telephone: (214) 744-3000
                                                Facsimile: (214) 744-3015

                                                Russell Wong
                                                Texas State Bar No. 21884235
                                                J. David Cabello
                                                Texas State Bar No. 03574500
                                                Keith A. Rutherford
                                                State Bar No. 17452000
                                                Scott Reese
                                                Texas State Bar No. 24046696
                                                **WONG, CABELLO, LUTSCH,**
                                                **RUTHERFORD & BRUCCULERI L.L.P.**
                                                20333 S.H. 249, Suite 600
                                                Houston, Texas 77070
                                                Telephone: (832) 446-2425
                                                Facsimile: (832) 446-2424
                                                rwong@counselip.com
                                                dcabello@counselip.com
                                                krutherford@counselip.com
                                                sreese@counselip.com

                                                **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 21, 2009, all counsel of record were served with a copy of this document electronically via the Court's CM/ECF system.

/s/ Ross Cunningham
Ross Cunningham

## CERTIFICATE OF CONFERENCE

I certify that I made good-faith efforts to confer with opposing counsel in a good faith attempt to resolve the matter without court intervention. The motion is opposed.

/s/ Ross Cunningham
Ross Cunningham
