**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| RAYTHEON COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-109 |
| | § | |
| INDIGO SYSTEMS CORPORATION and | § | |
| FLIR SYSTEMS, INC., | § | |
|     Defendants. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO STRIKE**

Before the court are the following:

1.    Plaintiff Raytheon Company's Motion to Strike Transcript Errata Sheets of Jonathan Knauth and Vu Linh Nguyen (de # 369);

2.    Opposition to Plaintiff Raytheon Company's Motion to Strike Transcript Errata Sheets of Jonathan Knauth and Vu Linh Nguyen (de # 381);

3.    Plaintiff Raytheon Company's Reply in Support of its Motion to Strike Errata Sheets of Knauth and Nguyen (de # 395); and

4.    Defendants' Sur-reply in Opposition to Plaintiff's Motion to Strike Transcript Errata Sheets of Jonathan Knauth and Vu Linh Nguyen (de # 404).

Having considered the Motion, the responsive briefing and the relevant legal principles, the court

is of the opinion that the Motion should be GRANTED IN PART and DENIED IN PART.

In its Motion, Raytheon asks the court to strike portions of transcript errata sheets submitted

by two witnesses after their respective depositions in this matter. Jonathan Knauth was deposed on

September 23, 2008. (Mot. to Strike 2.) On October 23, 2008, he submitted a notarized errata sheet

correcting and adding to certain portions of the deposition transcript. (*Id.*) Knauth corrected a

number of transcription errors (such as changing "iodied" to "iodide") and also added substantive

testimony to the transcript which the Defendants characterize as clarifications. Raytheon objects to

23 of the 85 changes made by Knauth.  (*See* Proposed Order Granting Pl.'s Mot.)

Vu Linh Nguyen was deposed twice:  in his personal capacity on June 18, 2008 and as a corporate representative for the Defendants on June 27, 2008.  (Resp. to Mot. to Strike 1.)  The June 27 deposition transcript was delivered to counsel for the Defendants on June 31, 2008.  (Mot. at Ex. B.)  On July 31, 2008, counsel for the Defendants informed counsel for Raytheon that Nguyen was on vacation and would be unable to complete his review of the deposition transcript until August 8, 2008.  (*Id*. at Ex. B.)  Nguyen signed the errata sheets on that date.  The notary would not notarize the errata sheet because of a discrepancy between it and the deposition signature page, but Nguyen was able to submit a notarized errata sheet two weeks later.  (*Id*. at Ex. D.)  Nguyen evidently submitted a second errata sheet on October 3, 2008, making additional changes to the transcript of the June 27 deposition.  (*Compare* Mot. Ex. C *with* Resp. Ex. D making changes to transcript pages 139:15 - 146:8.)

Rule 30(e)(1) provides....

[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

**Knauth Errata Sheet**

Both sides agree that the errata sheet submitted by Knauth changes the substance of his deposition testimony.  In light of the errata sheet, Raytheon characterizes Knauth's deposition as a

"take home examination." While it does not appear[1] that Knauth's changes go nearly this far, it is clear that he did intend substantive additions to his deposition testimony.

Two lines of cases have emerged regarding the degree to which a deponent should be allowed to change the substance of his testimony after the fact. The rationale for each has been thoroughly explained numerous times, so the court will merely summarize those cases. The Fifth Circuit has not ruled on this issue. The majority of federal courts place no limit on the nature of the changes a witness may make to the substance of his testimony. *E.g.*, *Reilly v. TXU Corp.*, 230 F.R.D. 486 (N.D. Tex. 2005). Those cases generally rely on the plain meaning of the language in Rule 30(e)(1)(B) and the availability of corrective mechanisms to prevent abuses. *Id*. at 489-90. For example, courts have allowed both the original and amended versions of changed deposition testimony to remain in the record, leaving the witness to explain the changes to a likely skeptical jury. *Elwell v. Conair, Inc.*, 145 F. Supp. 2d 79, 87 (D. Me. 2001). In more drastic instances, where the changes would render the deposition "incomplete or useless," courts have reopened the deposition, allowing the other party to explore the changed testimony. *E.g.*, *Foutz v. Town of Vinton*, 211 F.R.D. 293, 295 (W.D. Va. 2002).

A "growing minority" of federal courts employ a more restrictive approach to Rule 30(e). *Reilly*, 230 F.R.D. at 488. The keystone in this line of cases is *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322 (W.D. La. 1992). In *Greenway*, the court explained:

> Rule [30] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

---

[1]The parties did not submit excerpts of the original deposition transcripts at issue in this Motion, so the court cannot view the changes in the full context of the original statements.

*Id*. at 325. The deponent in *Greenway* used errata sheets to essentially rewrite her entire testimony to say the opposite of what was given under oath. This line of cases thus emerges out of a concern for maintaining the integrity of sworn testimony.

Under the circumstances of this Motion, the court will adopt the majority position. First, the court notes that the errata sheet was filed before the parties moved for summary judgment. Federal courts have typically been more forgiving of changes made to deposition testimony that come before summary judgment motions have been filed. *See, e.g., DeLoach v. Philip Morris Cos.*, 206 F.R.D. 568, 573 (M.D. N.C. 2002). In addition, neither party has cited the Knauth deposition in its summary judgment briefing. Next, allowing both versions of the testimony to remain in the record, so that the original version can be read at trial and the changes explored by Raytheon in front of the jury, is sufficient because the changes made by Knauth do not appear to be of the variety that engendered the *Greenway* line of cases. Finally, the changes made by Knauth are based largely on references to his expert report; Raytheon is not without ample explanation as to the amended testimony. Because the Knauth errata sheet otherwise complies with the procedural requirements of Rule 30, it shall be allowed to remain in the trial record along with, of course, the original version of the transcript.

**Nguyen Errata Sheets**

The errata sheets submitted by Nguyen present a different issue. As mentioned above, the June 27 deposition transcript was available to Nguyen on June 31, 2008. The June 18 transcript was almost certainly available on or before that date. Nguyen signed the errata sheet on August 8 after counsel for the Defendants notified counsel for Raytheon that Nguyen was on vacation. Nguyen then submitted an additional errata sheet for his June 27 deposition on October 3.

In an unpublished case, the Fifth Circuit held that "Rule 30(e) does not provide any exceptions to its requirements." *Reed v. Hernandez*, 114 Fed. Appx. 609, 611 (5th Cir. 2004). The *Reed* court thus upheld a district court's decision to strike errata sheet changes made to a deposition transcript and not consider the changes in the context of a motion for summary judgment because those changes occurred outside the thirty day window prescribed by Rule 30. Each of the errata sheets submitted by Nguyen are technically untimely. However, under these circumstances, where the Defendants' counsel notified Raytheon that Nguyen's errata sheet would be delayed until August 8, 2008 because of his travel schedule, and there being no objection by Raytheon to this notification, the court believes it would be inequitable to strike the August 8 errata sheet on the basis of untimeliness. This does not apply to the October 3, 2008 additional errata sheet from Nguyen. Accordingly, the October 3 errata sheet will be struck, and only Nguyen's original deposition testimony and his August 8 errata sheet shall remain in the trial record.

Based on the foregoing, the court finds that the transcript errata sheet submitted by Jonathan Knauth shall be accepted into the record. Accordingly, the court is of the opinion that the Motion (de # 369) should be, and hereby is, DENIED as to its request that the Knauth errata sheet be stricken. The court also denies Raytheon's request that the Defendants be required to produce the documents relating to the preparation of Knauth's errata sheet. Additionally, the court is of the opinion that the August 8, 2008 transcript errata sheet submitted by Vu Linh Nguyen shall be accepted into the record. However, the October 3, 2008 errata sheet submitted by Vu Linh Nguyen should be stricken. Accordingly, the Motion (de # 369) should be, and hereby is, DENIED as to its request that the Nguyen August 8 errata sheet be stricken and the Motion should be, and hereby is, GRANTED as to its request that the Nguyen October 3 errata sheet be stricken.

IT IS SO ORDERED.

**SIGNED this the 18th day of February, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE