**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| RAYTHEON COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-109 |
| | § | |
| INDIGO SYSTEMS CORPORATION and | § | |
| FLIR SYSTEMS, INC., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION & ORDER DENYING
DEFENDANTS' MOTION TO STRIKE**

Before the court are the following:

1.  Defendants' Motion to Strike Plaintiff's Supplement to the Expert Report of Roger Holcombe and Robert Ginn (de # 374);

2.  Plaintiff's Response to Defendants' Motion to Strike Plaintiff's Supplement to the Expert Report of Roger Holcombe and Robert Ginn (de # 392);

3.  Defendants' Reply in Support of their Motion to Strike Plaintiff's Supplement to the Expert Report of Roger Holcombe and Robert Ginn (de # 403); and

4.  Plaintiff's Sur-reply in Response to Defendants' Motion to Strike the Supplemental Report of Roger Holcombe and Robert Ginn (de # 408).

Having considered the Motion, the responsive briefing and the relevant legal principles, the court

is of the opinion that the Defendants' Motion should be DENIED.

The instant Motion is one in a long line of discovery motions in this civil action.  Raytheon

timely served the original version of the expert report drafted by Roger Holcombe and Robert Ginn

on July 17, 2008.  On September 17, 2008, the Defendants deposed Ginn regarding his opinions

presented in the report.  Six days later, Raytheon served the supplemental report at issue.  The

supplement appears to have been provided in response to issues that arose at the September 17

deposition, and it makes changes to the expert report with regard to trade secrets 16, 17 and 23.

Ginn made changes to his opinions regarding these trade secrets on the basis of previously unproduced documents that were in existence at the time Holcombe and Ginn filed their report. The Defendants move to strike the supplement as being an end-run around the court's scheduling order. Raytheon claims the supplement merely contains clarifications to Ginn's previously disclosed expert opinions.

Rule 26 requires a party making an expert designation to submit a report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). Rule 16(b) grants the district court broad discretion in establishing deadlines in order to control its docket. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). And Rule 16(f)(1)(C) together with Rule 37(b)(2)(A)(ii)-(vii) empowers the court to, among other options, prohibit the disobedient party from introducing designated matters in evidence because disclosures were filed outside the deadlines created in the scheduling order. Also, Rule 37(c)(1) provides in pertinent part that "a party [who] fails to provide information . . . as required by Rule 26(a) . . . is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

The court looks to four factors to determine whether the proposed supplement to the expert report should be allowed when the supplement comes after the court-ordered expert discovery has otherwise been completed. Those factors are:

(1) the explanation, if any, for the party's failure to comply with the discovery order;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by granting a continuance; and

(4) the importance of the witnesses' testimony.

*Barrett*, 95 F.3d at 380.  The Fifth Circuit has stated that a district court did not abuse its discretion in striking supplemental expert opinions when allowing the "plaintiff to add more material now and [to] create essentially a new report would prejudice the defendants, who would then have to get an expert to address these last-minute conclusions, and thus disrupt the trial date." *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257-58 (5th Cir. 1997).  Thus, expert report supplementation is an improper vehicle through which to give "ineffective litigants a second chance to develop their case." *Id*. at 258.

Ginn explained in his deposition that his report lacked certain details because portions of the report were drafted by other people, and Ginn did not adequately proofread the final version of the report before its production.  (Mot. to Strike Ex. B. 306:23-307:5.)  Without this lapse, presumably the original expert report would have included the details contained in the supplement.  However, Raytheon had months before the deposition to identify and correct these errors.  It was able to do so within a week of their being highlighted in the deposition on the basis of information that existed at the time of the original expert report. *Beller v. United States*, 221 F.R.D. 689, 694-95 (D. N.M. 2003) (striking supplemental expert opinions that did not rely on newly discovered information).  Thus, not only did Raytheon have the capability of supplementing the report long before this Motion was filed, but the act of "clarifying" the report proved to require minimal effort.

Nevertheless, allowing Ginn to testify on his opinions as characterized in the supplement would not prejudice the Defendants.  The earlier trial date was continued by the court until the court issues its claim construction ruling.  Thus, the Defendants have time to address Ginn's supplemental expert report.  The trial date in this lawsuit has been continued, and a new date has not been established.

Accordingly, the court is of the opinion that the "Defendants' Motion to Strike Plaintiff's Supplement to the Expert Report of Roger Holcombe and Robert Ginn" (de # 374) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 18th day of February, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE