IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RAYTHEON COMPANY, a Delaware corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:07-CV-109 |
| INDIGO SYSTEMS CORPORATION, a California corporation, and FLIR SYSTEMS, INCORPORATED, an Oregon corporation, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR APPLICATION OF CALIFORNIA LAW

The following are pending before the court:

1. Plaintiff's motion for application of California law (docket entry #649);

2. Appendix to Raytheon's motion for application of California law (docket entry #650-sealed);

3. Defendant's response to Plaintiff's motion for application of California law (docket entry #677);

4. Plaintiff's reply in support of motion for application of California law (docket entry #701); and

5. Defendant's sur-reply to Plaintiff's motion for application of California law (docket entry #720).

Having considered the motion and the responsive briefing thereto, the court finds that the motion should be granted in part.

In its motion, the Plaintiff argues that the court should apply California law to all claims and defenses applicable to this lawsuit. In its fourth amended complaint, the live pleading in this case,

the Plaintiff has alleged trade secret misappropriation claims and violations of the California Uniform Trade Secrets Act. Further, the Plaintiff has alleged that the statute of limitations has not run on its misappropriation of trade secret claims. Finally, in the alternative, the Plaintiff has alleged that the statute of limitations on its misappropriation of trade secrets claims should be equitably tolled because the Defendants fraudulently concealed their misappropriation of the Plaintiff's trade secrets.

In response, the Defendants agree that California law applies to the Plaintiff's trade secret misappropriation claims. However, the Defendants contend that the court should apply Texas law rather than California law to the Defendants' statute of limitations defense as well as the tolling of limitations based on the Plaintiff's claim of fraudulent concealment.

Since the parties agree that the court should apply California law to the Plaintiff's trade secret misappropriation claims, the court need not further consider this issue. With respect to the remaining claim (fraudulent concealment) and defense (statute of limitations), the court concludes that Texas law should apply.

The Federal Circuit previously issued an opinion in this case. *See Raytheon Co. v. Indigo Sys. Corp.*, 688 F.3d 1311 (Fed. Cir. 2012). In that opinion, the Federal Circuit opined as follows:

> As a threshold matter, the parties dispute whether California law or Texas law should apply to the trade secret misappropriation claims in this case. Indigo contends that Texas law should apply, while Raytheon argues for the application of California law. For the purposes of this appeal, we need not decide this question because we conclude, as did the district court, that there is no meaningful difference between California and Texas law with respect to the tolling of the statute of limitations. *See Raytheon [Co. v. Indigo Sys. Corp.*, 653 F. Supp. 2d 677, 683-84 (E.D. Tex. 2009)](relying on both California and Texas law). California and Texas have both adopted a "discovery rule" such that claims for trade secret misappropriation accrue for statute-of-limitations purposes when the plaintiff knew or reasonably should have known of the facts that give rise to the claim. Tex. Civ. Prac. & Rem. Code Ann. §

16.010(a); Cal. Civ. Code § 3426.6. In both Texas and California, whether or not a plaintiff "should have known" under the discovery rule is ordinarily a question of fact. *See, e.g., Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998) ("Inquiries involving the discovery rule usually entail questions for the trier of fact."); *Pirtle v. Kahn*, 177 S.W.3d 567, 572 (Tex. App. 2005) ("When a plaintiff discovers or should have discovered the cause of his injury and whether a particular plaintiff exercised due diligence in so discovering are questions of fact."); *Ovando v. County of Los Angeles*, 159 Cal.App.4th 42, 61, 71 Cal.Rptr.3d 415 (Cal.Ct.App. 2008) ("The question when a plaintiff actually discovered or reasonably should have discovered the facts for purposes of the delayed discovery rule is a question of fact unless the evidence can support only one reasonable conclusion." (citing *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1112, 245 Cal.Rptr. 658, 751 P.2d 923 (Cal. 1988))).

The same is true when the statute of limitations is tolled by fraud. *See, e.g., Stonecipher's Estate v. Butts' Estate*, 591 S.W.2d 806, 809 (Tex. 1979) ("Our courts have consistently held that fraud vitiates whatever it touches ... and that limitations begin to run from the time the fraud is discovered or could have been discovered by the defrauded party by exercise of reasonable diligence. Reasonable diligence is a question of fact." (citations omitted)); *Mills v. Mills*, 147 Cal.App.2d 107, 305 P.2d 61, 70 (1956) ("When a party is guilty of fraudulent concealment of the cause of action the statute is deemed not to become operative until the aggrieved party discovers the cause of action.... When the facts are susceptible to opposing inferences, whether a party had notice of circumstances sufficient to put a prudent man on inquiry as to a particular fact, and whether by prosecuting such inquiry he might have learned such fact, are questions of fact to be determined by the trial court." (citations omitted)).

While the discovery rule is focused on the reasonableness of the plaintiff's failure to discover a cause of action and fraudulent concealment is focused on the actions of the defendant to prevent the plaintiff from discovering the cause of action, the two issues turn on the same questions of fact in the present case. The district court acknowledged this when it explained that the distinction between fraudulent concealment and the discovery rule would make no difference here because "[t]he circumstances that render the doctrine of fraudulent concealment unavailing ensure the same fate for Raytheon's discovery rule argument." *Raytheon*, 653 F. Supp. 2d at 688.

*Id*. at 1316-17.

As concluded previously by this court and affirmed by the Federal Circuit, there is no meaningful difference between California and Texas law with respect to the tolling of the statute of

limitations by either the discovery rule or fraudulent concealment. Since the laws of the states do not conflict, then no choice-of-law analysis is required. *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005) (citations omitted). Rather, the court merely applies the law of the forum state. *Id*. Accordingly, the court shall hereby apply Texas law to the statute of limitations defense as well as the tolling of limitations based on the Plaintiff's claim of fraudulent concealment. Based on the foregoing, it is hereby

**ORDERED** that the Plaintiff's motion for application of California law (docket entry #649) is **GRANTED IN PART**. The court shall apply California law to the Plaintiff's trade secret misappropriation claims. The court shall apply Texas law to the statute of limitations defense as well as the tolling of limitations based on the Plaintiff's claim of fraudulent concealment.

IT IS SO ORDERED.

**SIGNED this the 29th day of September, 2014.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE