# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| RAYTHEON COMPANY, a Delaware corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:07-CV-109 |
| INDIGO SYSTEMS CORPORATION, a California corporation, and FLIR SYSTEMS, INCORPORATED, an Oregon corporation, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE CERTAIN OPINIONS OF DANIEL J. SLOTTJE, AND ANY TESTIMONY OR EVIDENCE RELATED THERETO

The following are pending before the court:

1. Plaintiff Raytheon Company's motion to exclude certain opinions of Daniel J. Slottje, and any testimony or evidence related thereto (docket entry #655);

2. Sealed appendix in support of Plaintiff Raytheon Company's motion to exclude certain opinions of Daniel J. Slottje, and any testimony or evidence related thereto (docket entry #656);

3. Defendants' response to Plaintiff Raytheon Company's motion to exclude certain opinions of Daniel J. Slottje, and any testimony or evidence related thereto (docket entry #678);

4. Plaintiff Raytheon Company's reply in support of its motion to exclude certain opinions of Daniel J. Slottje, and any testimony or evidence related thereto (docket entry #710); and

5. Defendants' sur-reply to Plaintiff Raytheon Company's motion to exclude certain opinions of Daniel J. Slottje, and any testimony or evidence related thereto (docket entry #726).

Having considered the Plaintiff's motion and the responsive briefing thereto, the court finds that the

motion should be denied.

The Plaintiff moves the court to exclude a portion of the Defendants' damages expert's report and any attendant testimony or evidence. The Defendants' damages expert is Daniel J. Slottje ("Slottje"). The Plaintiff moves the court to exclude the following from Slottje's report:

> I also understand Defendants allege that Raytheon's sale of its RCI business to L-3 Communications may preclude Raytheon from obtaining damages for uncooled Embodying Cameras and Embodying Components sold by Defendants subsequent to that sale.

App. 10. The Plaintiff argues that the court should strike this portion of Slottje's report because even though Slottje did not identify any documents or testimony in support of his proposition, Slottje calculated alternative damage amounts based on the presumption that as a part of Raytheon's sale of its RCI business to L-3 Communications, Raytheon sold its trade secret rights. The Plaintiff contends that Slottje's proposition is simply not true. The Plaintiff further asserts that the Defendants have not previously made the allegation that the Plaintiff's damages should be reduced because the Plaintiff sold its uncooled trade secret rights. Based on the foregoing, the Plaintiff reasons that Slottje's assertion amounts to an improper legal conclusion.

In response, the Defendants argue that they moved for summary judgment on the issue at hand. Therefore, the Defendants argue that Slottje's alternative damages calculations are based on their previously disclosed contention that due to the aforementioned sale, the Plaintiff is precluded from seeking certain damages as a matter of law. Further, the Defendants argue that Slottje's opinions concerning the effect of the L-3 sale on the Plaintiff's damages may not be excluded simply because the Plaintiff disagrees with the basis for said opinions. Finally, the Defendants argue as follows:

> . . . Slottje is <u>not</u> proffering any opinions and testimony that, as a result of the L-3 Sale, Raytheon lacks standing to sue Defendants for their alleged trade secret misappropriation. Rather, as is typical of damages experts, Slottje merely *assumes* that the L-3 Sale resulted in Raytheon's loss of ownership of certain trade secret misappropriation claims and, based on that assumption, calculates alternative damages amounts. In other words, Defendants, not Slottje, will prove at trial that the L-3 Sale deprived Raytheon of ownership of its trade secret misappropriation claims against Defendants.

DEFS. RESP., p. 3.

The parties clearly disagree on the effect of the L-3 sale on the Plaintiff's damages.[1] However, at this juncture, the court finds that the Plaintiff has failed to meet its burden to exclude Slottje's assumptions. "Among the conditions imposed by the Federal Rules of Evidence on the admissibility of expert opinion testimony is that the testimony be 'based on sufficient facts or data.'" *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 515 (5th Cir. 2013), quoting FED. R. EVID. 702(b). "Under the framework explained in the Supreme Court's *Daubert* [*v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L. Ed. 2d 469 (1993)] decision, 'Rule 702 assigns to the district judge a gatekeeping role to ensure that scientific testimony is both reliable and relevant.'" *Id.*, quoting *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (internal quotation marks omitted in original). "The *Daubert* reliability analysis applies to, among other things, 'the facts underlying the expert's opinion.'" *Id.*, quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007) (internal quotation marks omitted in original). "Although the *Daubert* reliability analysis is flexible and the proponent of the expert evidence need not satisfy every one of its factors,

---

[1] It appears to the court that the Plaintiff is moving to strike Slottje's alternative damages calculations on issues that should be resolved at summary judgment or at trial. As a matter of fact, the parties raised a number of issues in their briefing that are not addressed in this order by referring the court to their summary judgment briefing. Accordingly, to the extent that Slottje's testimony will be affected by this court's summary judgment opinion, the court will address those issues when it reaches the appropriate motion for summary judgment.

*United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004), 'the existence of sufficient facts . . . is in all instances mandatory[.]'" *Id*., quoting *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007).

"Of course, '[w]hen facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts.'" *Id*., quoting FED. R. EVID. 702 advisory committee's note. "Generally, the 'fact-finder is entitled to hear [an expert's] testimony and decide whether ... the predicate facts on which [the expert] relied are accurate.'" *Id*., quoting *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002). "At the same time, however, expert testimony that relies on 'completely unsubstantiated factual assertions' is inadmissible." *Id*., quoting *Hathaway*, 507 F.3d at 319 n. 4. "When an expert's testimony is 'not based upon the facts in the record but on altered facts and speculation designed to bolster [a party's] position,' the trial court should exclude it." *Id*., quoting *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

Here, the Defendants previously moved for summary judgment on the issue of the Plaintiff's alleged sale of certain trade secret rights. Based on the Defendants' previously disclosed position that the Plaintiff sold certain trade secret rights, Slottje calculated alternative damage amounts based on this presumption. While the Plaintiff disagrees with the Defendants' position, the fact-finder is in the best position to weigh the facts concerning the sale. Certainly, the Plaintiff will have every opportunity to cross-examine any witness concerning the terms of the L-3 sale and the finder of fact will be able to weigh the testimony in reaching its opinion.

Finally, the Plaintiff's concern that Slottje's statement that the Plaintiff's sale of its RCI business to L-3 Communications might preclude the Plaintiff from obtaining certain damages amounts to an improper legal conclusion lacks merit. Slottje merely assumed an alternative damages model in the event the fact-finder concluded that the Plaintiff sold certain trade secret rights. As

such, Slottje's aforementioned statement does not rise to the level of a legal conclusion.  While Slottje's opinion or inference embraces an ultimate issue to be decided by the fact-finder, such testimony is not objectionable.  *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009), quoting FED. R. EVID. 704 ("With respect to the proper scope of expert testimony, 'testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.'"); *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).  Based on the foregoing, it is hereby

**ORDERED** that Plaintiff Raytheon Company's motion to exclude certain opinions of Daniel J. Slottje, and any testimony or evidence related thereto (docket entry #655) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 29th day of September, 2014.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE