IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RAYTHEON COMPANY, a Delaware corporation, | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | Case No. 4:07-CV-109 |
| INDIGO SYSTEMS CORPORATION, a California corporation, and FLIR SYSTEMS, INCORPORATED, an Oregon corporation, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR APPROVAL OF THEIR PROPOSED BILL OF COSTS

The following are pending before the court:

1. Defendants' motion for approval of their proposed bill of costs (docket entry #849);

2. Plaintiff Raytheon Company's objections and response to Defendants' motion for approval of their proposed bill of costs (docket entry #850);

3. Reply in support of Defendants' motion for approval of their proposed bill of costs (docket entry #851); and

4. Plaintiff Raytheon Company's sur-reply to Defendants' motion for approval of their proposed bill of costs (docket entry #870).

Having considered the motion and the responsive briefing thereto, the court finds that the motion should be granted in part.

On March 31, 2016, the court entered a final judgment in this matter. The court ordered that the Plaintiff take nothing from the Defendants. The court further ordered that costs of court should be taxed against the Plaintiff. On April 14, 2016, the Defendants filed their proposed bill of costs;

however, the Defendants advised the court that the Plaintiff needed additional time to review the proposed bill of costs. On April 29, 2016, the Plaintiff filed its notice of appeal. On May 11, 2016, the Defendants filed their notice of appeal. The parties' respective appeals are currently pending before the United States Court of Appeals for the Federal Circuit.

Thereafter, on July 20, 2016, the Defendants filed the instant "Motion for Approval of Their Proposed Bill of Costs." In their motion, the Defendants explained that the parties conferred on the Defendants' cost application and reached an agreement on all categories of recoverable costs (in an amount totaling $121,177.08) except for the category concerning fees for witnesses. In their motion, the Defendants sought to recover costs for witnesses in the amount of $74,898.64. On August 3, 2016, the Plaintiff filed its response in opposition to the Defendants' request. In its opposition, the Plaintiff advised the court that the parties had reached an agreement in the amount of $40,000 for witness fees. However, the Plaintiff requested that the Defendants agree to abate payment of all costs until after the appeal was resolved. The Defendants do not agree to the abatement.

In the Defendants' reply brief, the Defendants abandoned their original $74,898.64 witness fee request and now currently seek an amount of not less than $40,000 for witness fees. While the Defendants' updated witness fee request is in accord with the agreement reached among the parties, the request is a randomly agreed upon number that does not correspond to the documentation attached to the Defendants' motion or reply brief.

The court notes that the Plaintiff, in its response and sur-reply briefs, objects to certain categories contained in the Defendants' request for witness fees. The Plaintiff filed an umbrella objection, arguing that the Defendants are not entitled to recover any witness fees (except for the $40 attendance fees for the days of testimony and travel) because all of the witnesses were employees

of the Defendants at the time of the trial and testified in their capacities as employees. The Plaintiff notes that 28 U.S.C. § 1920 prohibits parties from recovering witness fees and related travel and subsistence expenses as costs. The Plaintiff argues that this prohibition extends to employees of corporate defendants who provide testimony on behalf of the corporate defendants. The Plaintiff explains, then, that such witnesses are, therefore, only entitled to statutory witness fees and subsistence allowances for the days they appeared as witnesses. The Plaintiff relies on *Hodge v. Seiler* 558 F.2d 284, 287 (5th Cir. 1977) and *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 583-84 (W.D. Tex. 2010).

The court notes that 28 U.S.C. § 1920(3) provides that "A judge or clerk of any court of the United States may tax as costs the following: (3) Fees and disbursements for printing and witnesses." In *Hodge*, the court cited to the general rule that "'[t]he expenses of witnesses who are themselves parties normally are not taxable.'" *Hodge*, 558 F.2d at 287, quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2678 p. 229. The *Hodge* case, however, is distinguishable from the instant case because the *Hodge* court denied an individual plaintiff's request for travel costs. The *Hodge* case did not involve the reimbursement of fees to a corporate defendant. However, the *Hodge* case relied on WRIGHT & MILLER, *supra.*, which provides, in part, as follows:

> The expenses of witnesses who are themselves parties normally are not taxable. For example, real parties in interest or parties suing in a representative capacity are not entitled to fees or allowances as witnesses. The expenses of a director or officer of a corporation who is not personally involved in the litigation may be taxable, however, even if that individual is testifying on behalf of the organization and the latter is a party to the suit.

WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2678, citing *Electronic Specialty Co. v. International Controls Corp.*, 47 F.R.D. 158, 162 (S.D.N.Y. 1969) ("The expenses of a

director or officer can be allowed even if they are testifying on behalf of a corporate party to the suit 'so long as their interest in the litigation is no more than a natural concern for the welfare of the corporation as opposed to actual participation in the litigation to the extent that they become identifiable as a party in interest.'") (remaining citations omitted). Here, the Plaintiff is not alleging that any of the Defendants' employees who testified in the instant action could have been identifiable as parties in the instant case.

The Plaintiff also relies on *Honestech, supra.* The *Honestech* court, however, involved the recovery of costs incurred by a designated corporate representative. Since the instant Plaintiff is not alleging that the Defendants' witnesses were the Defendants' designated corporate representatives, *Honestech* is inapplicable.

Because the Plaintiff has failed to cite the court to applicable authority in support of its proposition that a prevailing corporate party may not be awarded witness fees for the testimony of its employees, the Plaintiff's objection is denied. The Defendants, as the prevailing parties, may recover as costs appropriate witness fees incurred by their employees. *See Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1551-53 (5th Cir. 1984); *United Teachers Assoc. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574-75 (5th Cir. 2005).

Although the Plaintiff filed several other objections to the Defendants' request to recover witness fees, the court need not consider the same. In its sur-reply, the Plaintiff failed to advise the court regarding the connection between its remaining objections and the Defendants' reduction in their request to recover witness fees. As such, the court finds that the Defendants may recover their witness fees in the amount of $40,000. The court reminds the parties that they had reached an agreement on this amount. The court also finds that the Plaintiff's payment of the costs shall be

stayed pending the outcome of the appeal. Based on the foregoing, it is hereby

ORDERED that the Defendants' motion for approval of their proposed bill of costs (docket entry #849) is **GRANTED IN PART**. The Defendants are awarded costs in the amount of $161,177.08 ($40,000 for witness fees + $121,177.08 for all other agreed upon fees). The Plaintiff's payment of all costs shall be stayed pending the outcome of the appeal.

IT IS SO ORDERED.

**SIGNED this the 30th day of March, 2017.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE